IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LEON GOODRIE,<br><br>Defendant. | CR 17-81-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant George Leon Goodrie (Goodrie) has been accused of violating the conditions of his supervised release. Goodrie admitted all of the alleged violations. Goodrie's supervised release should be revoked. Goodrie should be placed in custody for 6 months, with 18 months of supervised release to follow. The sentence imposed in this case should run consecutive to the state court sentence that Goodrie is currently serving.

## II. Status

Goodrie pleaded guilty to being a Prohibited Person in Possession of a Firearm on April 4, 2018. (Doc. 31). The Court sentenced Goodrie to 38 months of custody, followed by 2 years of supervised release. (Doc 48). Goodrie's

current term of supervised release began on April 16, 2021. (Doc. 59 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on February 16, 2024, requesting that the Court revoke Goodrie's supervised release. (Doc. 59). The Amended Petition alleged that Goodrie had violated the conditions of his supervised release: 1) by failing to notify his probation officer that he had a contact with law enforcement; 2) by removing his sweat patch; 3) by failing to notify his probation officer that he had changed his residence; 4) by using methamphetamine; 5) by failing to report to his probation officer as directed; and 6) by committing another crime.

**Initial appearance**

Goodrie appeared before the undersigned for his initial appearance on February 20, 2024. Goodrie was represented by counsel. Goodrie stated that he had read the petition and that he understood the allegations. Goodrie waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 20, 2024. Goodrie admitted that he had violated the conditions of his supervised release: 1) by failing

to notify his probation officer that he had a contact with law enforcement; 2) by removing his sweat patch; 3) by failing to notify his probation officer that he had changed his residence; 4) by using methamphetamine; 5) by failing to report to his probation officer as directed; and 6) by committing another crime. The violations are serious and warrant revocation of Goodrie's supervised release.

Goodrie's violations are Grade B and Grade C violations. Goodrie's criminal history category is VI. Goodrie's underlying offense is a Class C felony. Goodrie could be incarcerated for up to 24 months. Goodrie could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 21 to 27 months.

### III. Analysis

Goodrie's supervised release should be revoked. Burton should be incarcerated for 6 months, with 18 months of supervised release to follow. This sentence is sufficient but not greater than necessary. The sentence imposed in this case should run consecutive to the state court sentence that Goodrie is currently serving.

## IV. Conclusion

The Court informed Goodrie that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Goodrie of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Goodrie that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That George Leon Goodrie violated the conditions of his supervised release: by failing to notify his probation officer that he had a contact with law enforcement; by removing his sweat patch; by failing to notify his probation officer that he had changed his residence; by using methamphetamine; by failing to report to his probation officer as directed; and by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke Goodrie's supervised release and commit Goodrie to the custody of the United States Bureau of Prisons for 6 months, with 18 months of supervised release to follow. The sentence imposed in this case should run consecutive to the state court sentence that Goodrie is currently serving.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 21st day of February, 2024.

John Johnston
United States Magistrate Judge